C

File(
7/19/2021 10:42 AM
Esther Degollad(
District Cler
Webb Distric
Diana Vel;
2021CVA001361D

NO. 2021CVA001361D4

| | | |
|---|---|---|
| LATOYA LYNETT PATTERSON | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | WEBB COUNTY, TEXAS |
| | § | |
| ANTONIO AGUIRRE IBARRA, LLC | § | |
| AND AGUSTIN RODRIGUEZ PALOMO | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Latoya Lynett Patterson, hereinafter referred to as Plaintiff, complaining of Antonio Aguirre Ibarra, LLC and Agustin Rodriguez Palomo, hereinafter referred to as Defendants, and would respectfully show to the Court as follows:

1.  Discovery is intended to be conducted under Level 3, Texas Rules of Civil Procedure, 190.4.

2.  Plaintiff is a resident citizen of the State of Mississippi.

3.  Defendant, Antonio Aguirre Ibarra, LLC, is a Texas domestic limited liability company doing business in the State of Texas and may be served by serving its registered agent, Antonio Aguirre Ibarra, 212 Lampazos Loop, Laredo, Webb County, Texas 78045.

4.  Defendant, Agustin Rodriguez Palomo, is an individual, adult resident and citizen of Mexico. No service of process is being requested at this time.

5.  This Court has jurisdiction and venue of this case because this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. Further, this Court has venue of this case because all or a substantial portion of the acts or events giving rise to the cause of action and the acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff occurred

within the territorial limits of Webb County, State of Texas. Further, venue is proper in this Court pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(3) because Defendant, Antonio Aguirre Ibarra, LLC, is not a natural person; it is a Texas domestic limited liability company and citizen of the State of Texas. The principal place of business of Defendant, Antonio Aguirre Ibarra, LLC, at the time of the incident in question was and currently is located at 23161 Mines Rd., Laredo, Webb County, Texas 78045. This tort cause of action is within the subject matter jurisdiction of this Court as are the type and amount of damages alleged.

6. It has become necessary for your Plaintiff to file this lawsuit to recover compensatory damages as a result of a pedestrian/motor vehicle collision that occurred on or about May 14, 2021. On such date, Plaintiff, Latoya Lynett Patterson, was at Edwards Transportation yard in Laredo, Webb County, Texas and was walking from the driver's lounge back to her truck through the parking lot. Defendant, Agustin Rodriguez Palomo, was in the parking lot inside his parked truck. Plaintiff was walking by Defendant's truck when Defendant suddenly began to go forward striking the Plaintiff, causing the collision and injuries in question. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

7. At all times material, Defendant, Antonio Aguirre Ibarra, LLC, is thought to be the owner and/or operator, as applicable, of the vehicle Defendant, Agustin Rodriguez Palomo, was operating at the time and on the occasion in question. The Defendant,

Agustin Rodriguez Palomo, is thought to have been operating said vehicle within the course and scope of his authority, agency and/or employment and in the furtherance of the business affairs of Defendant, Antonio Aguirre Ibarra, LLC, as the evidence will reveal, at the time of the occurrence in question. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8.     At the time and on the occasion in question, the Defendant, Agustin Rodriguez Palomo, was negligent in the operation of the vehicle he was driving in one or more of the following particulars:

   a)   Failure to keep a proper lookout;

   b)   Failure to timely apply brakes;

   c)   Failure to control his vehicle to avoid hitting a pedestrian;

   d)   Distracted driving; and

   e)   Violations of applicable provisions of the Federal and State Motor Carrier Safety Regulations concerning, as applicable and as the evidence may show – Driver qualification, medical condition, hours of service, vehicle and equipment (negligence per se).

The above acts and/or omissions of negligence and negligence per se, as applicable and as the evidence will reveal, singularly or in combination, proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff as referenced above. Discovery is at its infancy in this case. Further information and evidence on these issues

are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

9. Plaintiff also alleges that the Defendant, Antonio Aguirre Ibarra, LLC, committed acts and/or omissions of negligent entrustment and/or negligence in providing the means for Defendant, Agustin Rodriguez Palomo, to be to be entrusted and/or provided the motor vehicle in question to an incompetent, unsafe, dangerous or reckless driver, such negligence, negligence per se, and negligent entrustment, along with applicable violations of the Federal and State Motor Carrier Safety Regulations, being a proximate cause of the collision in question and the injuries and damages suffered by your Plaintiff. Discovery is at its infancy in this case and further information and evidence, some of which are within the knowledge of Defendants, will be obtained concerning the above issues that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

10. As a direct and proximate result of the negligence of the Defendants referenced above, your Plaintiff, Latoya Lynett Patterson, sustained physical injuries and damages from which she now suffers and in all probability will continue to suffer into the future in terms of physical pain, mental anguish, physical impairment, loss of earning capacity and the incurring of medical and hospital bills and expenses in the past and in the future. Plaintiff, Latoya Lynett Patterson, sues for these damages in an amount within the

minimum jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00.

11. The Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

12. Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff does have and recover of, from and against the Defendants, jointly and severally, for her compensatory damages, pre-judgment and post-judgment interest, costs of Court, trial by jury and for such other and further relief, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,
HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@h-kfirm.com

BY: ____/s/ Ryan King____
RYAN KING
SBN 24073263
JOHN D. WOODS
SBN 24067950
Attorneys for Plaintiff

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.

Case 5:21-cv-00097   Document 1-3   Filed on 08/26/21 in TXSD   Page 7 of 17

Filed
8/26/2021 9:42 AM
Esther Degollado
District Clerk
Webb District
Yesenia Rodriguez
2021CVA001361D4

CAUSE NO. 2021CVA001361D4

| | | |
|---|---|---|
| LATOYA LYNETT PATTERSON | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | |
| | § | 406TH JUDICIAL DISTRICT |
| ANTONIO AGUIRRE IBARRA, LLC | § | |
| AND AGUSTIN RODRIGUEZ PALOMO | § | |
| | § | |
| *Defendants.* | § | WEBB COUNTY, TEXAS |

### DEFENDANT ANTONIO AGUIRRE IBARRA'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant ANTONIO AGUIRRE IBARRA (hereinafter "Defendant"), improperly named as "ANTONIO AGUIRRE IBARRA, LLC," and files this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto the Court as follows:

### I. General Denial

1. Defendant herein, pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, denies each and every, singular and all of the allegations contained in Plaintiffs' Original Petition, says the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof. Defendant further reserves the right to amend its answer at a future date in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

### II. Affirmative Defenses

**Preexisting Injuries**

2. Pleading further and subject to the foregoing, without waiving same, in the event competent evidence is brought forward that Plaintiff suffered from a pre-existing condition, not caused by any

action or inaction on the part of this Defendant, Defendant would show that Plaintiff is entitled only to any exacerbation of that preexisting condition, but not for the condition itself.

**Unavoidable Accident**

3.  In the alternative, and subject to the foregoing without waiving same, Defendant alleges the accident made the basis of this suit was an unavoidable accident as said term is recognized by law.

**Failure to Mitigate Damages**

4.  In the alternative, and subject to the foregoing without waiving same, Defendant would show that Plaintiff failed to mitigate her injuries and/or damages in the above-entitled cause of action.

**Proof of Certain Losses**

5.  Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that according to Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiff's alleged earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

**Evidence Relating to Amount of Economic Damages**

6.  Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that according to Section 41.0105 of the Texas Civil Practice and Remedies Code recovery of medical and health related expenses should be limited to the amount actually paid or incurred.

**Acts of Third Parties**

7.  Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that the incident complained of in Plaintiff's Original Petition was caused by the negligence, carelessness, and/or fault on the part of third parties or instrumentalities over which

this Defendant had no control.  Said negligence, carelessness, and/or comparative fault on the part of such third party was either the sole cause, or in the alternative, a proximate cause, and/or a producing cause of the incident and injuries made the basis of this litigation.

**Comparative Negligence**

8. In the alternative, and subject to the foregoing without waiving same, Defendant alleges the comparative negligence of Plaintiff, in failing to use ordinary care, was a proximate cause or the sole proximate cause of their damages, if any.  Defendant requests that, at trial of this case, the jury, pursuant to Texas Civil Practices & Remedies Code Chapter 33 et. seq., be asked to assess the comparative negligence, if any, of all parties to this lawsuit, all settling Defendants, all Responsible Third Parties.

**Evidence Relating to Amount of Exemplary Damages**

9. Pleading further and subject to the foregoing, without waiving same, Defendant herein would show Plaintiff's recovery of exemplary damages, if any, is limited by Chapter 41 of the Texas Civil Practice & Remedies Code.  To the extent the Court deems it appropriate to submit an exemplary damages question to the jury in this matter, the jury should be instructed as required by Chapter 41 of the Texas Civil Practice & Remedies Code.  Defendant hereby pleads all of the limitations on and defenses to exemplary damages set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

### III. Jury Demand

10. Defendant demands a jury and herein tenders the appropriate jury fee to the Court.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant ANTONIO AGUIRRE IBARRA prays Plaintiff take nothing by reason of this suit, that Defendant herein be released, discharged,

and acquitted of the charges, that it go hence with its costs, without delay and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**DONATO BROWN POOL & MOEHLMANN**

*/s/ Chaz D. Klaes*
CHAZ D. KLAES
TBN:  24083312
RAUL M. CALDERON
TBN:  03614600
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Phone: (713) 877-1112
Fax: (713) 877-1138
cklaes@donatobrown.com
rcalderon@donatobrown.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that, on the 25th day of August 2021, a true and correct copy of the above and foregoing has been served by:

☐ certified mail, return receipt requested; ☐ overnight delivery; ☐ hand delivery; ☐ United States first class mail; ☐ facsimile transmission; ☒ electronic transmission on the following counsel:

*Attorney for Plaintiff*
Ryan King
HAGOOD & KING, LLC
1520 E. Highway 6,
Alvin, Texas 77511
(281) 331-5757 Telephone
(281) 331-1105 Facsimile
firm@h-kfirm.com

*/s/ Chaz D. Klaes*
Chaz D. Klaes

4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Derick on behalf of Chaz Klaes
Bar No. 24083312
sderick@donatobrown.com
Envelope ID: 56675574
Status as of 8/26/2021 11:01 AM CST

Associated Case Party: ANTONIO AGUIRRE IBARRA, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chaz D.Klaes | | cklaes@donatobrown.com | 8/26/2021 9:42:32 AM | SENT |
| Raul M.Calderon | | rcalderon@donatobrown.com | 8/26/2021 9:42:32 AM | SENT |

Associated Case Party: AGUSTIN RODRIGUEZ PALOMO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chaz D.Klaes | | cklaes@donatobrown.com | 8/26/2021 9:42:32 AM | SENT |
| Raul M.Calderon | | rcalderon@donatobrown.com | 8/26/2021 9:42:32 AM | SENT |

Associated Case Party: LATOYALYNETTPATTERSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ryan King | | firm@h-kfirm.com | 8/26/2021 9:42:32 AM | SENT |

Case 5:21-cv-00097 Document 1-3 Filed on 08/26/21 in TXSD Page 12 of 17

Filed
8/26/2021 9:40 AM
Esther Degollado
District Clerk
Webb District
Yesenia Rodriguez
2021CVA001361D4

CAUSE NO. 2021CVA001361D4

| | | |
|---|---|---|
| LATOYA LYNETT PATTERSON | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | |
| | § | 406TH JUDICIAL DISTRICT |
| ANTONIO AGUIRRE IBARRA, LLC | § | |
| AND AGUSTIN RODRIGUEZ PALOMO | § | |
| | § | |
| *Defendants.* | § | WEBB COUNTY, TEXAS |

### DEFENDANT AGUSTIN RODRIGUEZ PALOMO'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant AGUSTIN RODRIGUEZ PALOMO (hereinafter "Defendant"), and files his Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show unto the Court as follows:

### I. General Denial

1. Defendant herein, pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, denies each and every, singular and all of the allegations contained in Plaintiffs' Original Petition, says the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof. Defendant further reserves the right to amend its answer at a future date in accordance with the TEXAS RULES OF CIVIL PROCEDURE.

### II. Affirmative Defenses

**Preexisting Injuries**

2. Pleading further and subject to the foregoing, without waiving same, in the event competent evidence is brought forward that Plaintiff suffered from a pre-existing condition, not

caused by any action or inaction on the part of this Defendant, Defendant would show that Plaintiff is entitled only to any exacerbation of that preexisting condition, but not for the condition itself.

**Unavoidable Accident**

3.      In the alternative, and subject to the foregoing without waiving same, Defendant alleges the accident made the basis of this suit was an unavoidable accident as said term is recognized by law.

**Failure to Mitigate Damages**

4.      In the alternative, and subject to the foregoing without waiving same, Defendant would show that Plaintiff failed to mitigate her injuries and/or damages in the above-entitled cause of action.

**Proof of Certain Losses**

5.      Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that according to Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiff's alleged earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

**Evidence Relating to Amount of Economic Damages**

6.      Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that according to Section 41.0105 of the Texas Civil Practice and Remedies Code recovery of medical and health related expenses should be limited to the amount actually paid or incurred.

**Acts of Third Parties**

7. Pleading further and subject to the foregoing, without waiving same, Defendant herein would show that the incident complained of in Plaintiff's Original Petition was caused by the negligence, carelessness, and/or fault on the part of third parties or instrumentalities over which this Defendant had no control. Said negligence, carelessness, and/or comparative fault on the part of such third party was either the sole cause, or in the alternative, a proximate cause, and/or a producing cause of the incident and injuries made the basis of this litigation.

**Comparative Negligence**

8. In the alternative, and subject to the foregoing without waiving same, Defendant alleges the comparative negligence of Plaintiff, in failing to use ordinary care, was a proximate cause or the sole proximate cause of their damages, if any. Defendant requests that, at trial of this case, the jury, pursuant to Texas Civil Practices & Remedies Code Chapter 33 et. seq., be asked to assess the comparative negligence, if any, of all parties to this lawsuit, all settling Defendants, all Responsible Third Parties.

**Evidence Relating to Amount of Exemplary Damages**

9. Pleading further and subject to the foregoing, without waiving same, Defendant herein would show Plaintiff's recovery of exemplary damages, if any, is limited by Chapter 41 of the Texas Civil Practice & Remedies Code. To the extent the Court deems it appropriate to submit an exemplary damages question to the jury in this matter, the jury should be instructed as required by Chapter 41 of the Texas Civil Practice & Remedies Code. Defendant hereby pleads all of the limitations on and defenses to exemplary damages set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

### III. Jury Demand

10.     Defendant demands a jury and herein tenders the appropriate jury fee to the Court.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant AGUSTIN RODRIGUEZ PALOMO prays Plaintiff take nothing by reason of this suit, that Defendant herein be released, discharged, and acquitted of the charges, that it go hence with its costs, without delay and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**DONATO BROWN POOL & MOEHLMANN**

*/s/ Chaz D. Klaes*_____
CHAZ D. KLAES
TBN:  24083312
RAUL M. CALDERON
TBN:  03614600
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Phone: (713) 877-1112
Fax: (713) 877-1138
cklaes@donatobrown.com
rcalderon@donatobrown.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I hereby certify that, on the 25th day of August 2021, a true and correct copy of the above and foregoing has been served by:**

☐ certified mail, return receipt requested; ☐ overnight delivery; ☐ hand delivery; ☐ United States first class mail; ☐ facsimile transmission; ☒ electronic transmission on the following counsel:

*Attorney for Plaintiff*
Ryan King
HAGOOD & KING, LLC
1520 E. Highway 6,
Alvin, Texas 77511
(281) 331-5757 Telephone
(281) 331-1105 Facsimile
firm@h-kfirm.com

                                          */s/ Chaz D. Klaes*
                                          Chaz D. Klaes

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Derick on behalf of Chaz Klaes
Bar No. 24083312
sderick@donatobrown.com
Envelope ID: 56675451
Status as of 8/26/2021 11:00 AM CST

Associated Case Party: LATOYALYNETTPATTERSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Ryan King | | firm@h-kfirm.com | 8/26/2021 9:40:29 AM | SENT |

Associated Case Party: ANTONIO AGUIRRE IBARRA, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Chaz D.Klaes | | cklaes@donatobrown.com | 8/26/2021 9:40:29 AM | SENT |
| Raul M.Calderon | | rcalderon@donatobrown.com | 8/26/2021 9:40:29 AM | SENT |

Associated Case Party: AGUSTIN RODRIGUEZ PALOMO

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Raul M.Calderon | | rcalderon@donatobrown.com | 8/26/2021 9:40:29 AM | SENT |
| Chaz D.Klaes | | cklaes@donatobrown.com | 8/26/2021 9:40:29 AM | SENT |